IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BARTLETT MUSLIM SOCIETY,

    Plaintiff,

v.                                                                                 Case No. 2:25-cv-2746-MSN-cgc
                                                                               JURY DEMAND

CITY OF BARTLETT,

    Defendant.

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on Friday, February 6, 2026, at 9:30 a.m. before Judge Mark S. Norris via Microsoft Teams Video Conference. Present were Lucas Cameron-Vaughn and Stella Yarbrough, counsel for Plaintiff, and Edward J. McKenney, Jr. and William Brantley, counsel for Defendant. Prior to the scheduling conference, on December 1, 2025, counsel for the parties met via e-mails and conferred in compliance with Federal Rule of Civil Procedure 26(f). The scheduling conference was originally scheduled for December 5, 2025, and was re-set by the Court to February 6, 2026. At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** February 20, 2026

**MOTIONS TO JOIN PARTIES:** March 13, 2026

**MOTIONS TO AMEND PLEADINGS:** March 13, 2026

**MOTIONS TO DISMISS:** May 11, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**     **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** July 13, 2026

           Mediator must file Mediation Certification Form

    **(b)**     **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

           **MEDIATOR'S NAME:** Stephen Shields

**COMPLETING ALL DISCOVERY[1]:** October 5, 2026

    **(a)**     **DOCUMENT PRODUCTION AND INTERROGATORIES:** September 2, 2026

    **(b)**     **REQUESTS FOR ADMISSIONS:** August 17, 2026

    **(c)**     **DEPOSITIONS:** October 5, 2026

    **(d)**     **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**     **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:** August 3, 2026

        **(2)**     **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:** September 4, 2026

        **(3)**     **EXPERT WITNESS DEPOSITIONS:** October 5, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** November 2, 2026

**FILING DISPOSITIVE MOTIONS[2]:** November 2, 2026

---

[1] Parties should serve requests sufficiently in advance of the deadline so that there is enough time for responses by the deadline for completion of discovery.

[2] Parties should review Judge Norris's preferences regarding use of an appendix when submitting materials in support of a motion.

**JOINT PROPOSED PRETRIAL ORDER DUE:** Friday, March 5, 2027

(E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Norris@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** Friday, March 12, 2027, at 9:30 a.m.

**JURY TRIAL:** Monday, March 22, 2027, at 9:30 a.m.  Trial is anticipated to last approximately 2-3 days.  The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that, should the need for e-discovery arise, it should be handled as follows:

(a) Any party requesting the production of electronically stored information shall describe the requested information with as much particularity as possible.

(b) Unless otherwise agreed by the parties, the party may produce electronically stored information in hard copy or static form (e.g., pdf or TIF files), thereby allowing documents to be marked with Bates numbering. Consistent with Fed. R. Civ. P. 34(b)(2)(E)(iii), the parties need not produce the same electronically stored information in more than one form.

(c) On-site inspections of electronic information systems shall not be permitted except by leave of Court upon a showing of good cause and demonstrated, specific need.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

The parties are ordered to engage in ADR before the deadline set forth above. Under ADR Rule 5.11(b) the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in

3

part and whether any follow up is scheduled. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.**

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this Order will not be modified or extended.***

**IT IS SO ORDERED**, this 6th day of February, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE